

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Ray Lackey
County Auditor
Yoakum County
Plains, Texas

Dear Sir:

Opinion No. 0-7009
Re: Whether County Superintendent
is required to approve con-
tracts of teachers employed in
a Rural High School

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Is it required that the County Super-
intendent of schools sign the contracts of teachers
employed in a Rural High School District formed by
grouping five common school districts and com-
prising four hundred and fifty square miles and
scholastic population of approximately three hundred
students?"

Article 2922a, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"In each organized county in this State
and in any county which shall hereafter be organized,
the county school trustees shall have the authority
to form one or more rural high school districts, by
grouping contiguous common school districts having
less than four hundred scholastic population. . . ."

Article 2922c, Vernon's Annotated Texas Civil Statutes, reads as follows:

CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Ray Lackey - Page 2

"No rural high school district, as provided
for herein, shall contain a greater area than
one hundred square miles, or more than seven
elementary school districts, except that the
county school board of school trustees may form
rural high school districts, as provided in
Article 2922a, containing more than one hundred
square miles, upon a vote of a majority of the
qualified electors in the said proposed rural
high school district voting at an election
called for such purpose; and provided further,
that the said board of county school trustees
may form a rural high school district containing
more than seven elementary districts upon a
vote of a majority of the qualified voters in each
of the elementary districts within such proposed
rural high school district."

Your letter does not state how the rural high school
district was created, however, for the purposes of this opinion
we will assume that it was lawfully established.

Article 2922b, Vernon's Annotated Texas Civil
Statutes, reads as follows:

"Rural high school districts as provided
for in the preceding article shall be classed
as common school districts, and all other dis-
tricts, whether common or independent, composing
such rural high school district shall be re-
ferred to in this Act as elementary school
districts; provided that all independent school
districts enlarged by the annexation thereto of
one or more common school districts as provided
for in Article 2922a shall retain its status
and name as an independent school district, and
shall continue to operate as an independent
school district under the provisions of the ex-
isting laws and the laws hereafter enacted
governing other independent school districts, ex-
cept as otherwise provided for herein."

Article 2922k, Vernon's Annotated Texas Civil
Statutes, reads as follows:

"All rural high schools within a rural high school district herein provided for shall be under the immediate control of the board of school trustees for such rural high schools, <u>and such board of school trustees shall be under the control and supervision of the county superintendent and county board of school trustees, and shall be subject to the same provisions of law and restrictions that common school districts are now subject to, except where otherwise provided herein."</u> (Underscoring ours)

Article 2750, Vernon's Annotated Texas Civil Statutes (applicable to common school districts) reads in part as follows:

"Trustees of a district shall make contracts with teachers to teach the public schools of their district, but the compensation to a teacher, under a written contract so made, shall be approved by the county superintendent before the school is taught, stating that the teacher will teach such school for the time and money specified in the contract. . . ."

It is our opinion that your question should be answered in the affirmative, and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     Wm. J. Fanning
           Assistant

WJF:BT



APPROVED
OPINION
COMMITTEE

CHAIRMAN